# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-065V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| | \* | |
| HEIDI SHARPE as the legal representative | \* | Special Master Corcoran |
| of her minor child, L.M., | \* | |
| | \* | Filed:  July 6, 2018 |
| Petitioner, | \* | |
| | \* | Interim Attorney's Fees and Costs; |
| v. | \* | Second Motion for Interim Fees. |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Curtis Webb*, Twin Falls, ID, for Petitioner.

*Amy Kokot*, U.S. Dep't of Justice, Washington, DC, for Respondent.


## DECISION GRANTING IN PART  INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On January 27, 2014, Heidi Sharpe filed a petition as legal representative of her minor child, L.M., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] ECF No. 1. An entitlement hearing was held in this matter on March 13-14, 2018, in Washington, DC, and a decision is currently pending.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has asked for an interim award of fees and costs on two occasions. On June 7, 2016, Petitioner filed her first such request seeking an interim award of $80,000.00. *See* First Motion for Interim Attorney's Fees and Costs, ECF No. 49. I granted this motion, awarding Petitioner the full amount requested. *See* Decision, dated July 16, 2016 (ECF No. 50).

Petitioner filed the second motion for attorney's fees and costs on May 29, 2018. Second Motion for Interim Attorney's Fees and Costs ("Fees App."), ECF No. 94. This motion represents fees and costs incurred between April 15, 2016, and May 18, 2018, including work performed leading up to and during the entitlement hearing. Fees App. at 1. In total, Petitioner requests compensation in the amount of $275,642.08. In compliance with General Order No. 9, Petitioner represents that she has not incurred any personal costs in association with the litigation of this matter. ECF No. 96.

Respondent reacted to the instant motion on June 11, 2018, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. ECF No. 97 at 2. Respondent otherwise represents that the statutory and other legal requirements for an award of attorney's fees and costs are met, and he recommends that if an interim award is appropriate, I calculate a reasonable award. *Id.* at 3-4.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$95,630.34.**

## PROCEDURAL HISTORY

This action has been pending for over four years. Pet. at 1, filed January 27, 2014 (ECF No. 1). At the time Petitioner filed the first motion for interim fees and costs in 2016, Petitioner had already filed two expert reports from her expert, Dr. Robert Shuman, and the entitlement hearing had been scheduled. Following the first award of interim fees, Petitioner filed two additional expert reports, one from Dr. Shuman and the other from Dr. Richard Boles, and a two-day entitlement hearing was held in Washington, DC, on March 13-14, 2018.

Petitioner filed her second motion for interim fees on May 29, 2018. In it, she requests that her attorney, Mr. Curtis Webb, be compensated for work performed at the following rates: $409.00 per hour for 2016; $424.00 per hour for 2017; and $440.00 per hour for 2018. Fees App. at 2. Petitioner also requests that Mr. Webb's paralegal, Alexander Webb, be compensated for work performed from 2016-2018 at a flat rate of $100.00 per hour. *Id.* In addition, Petitioner seeks costs related to the retention of Drs. Shuman and Boles as expert witnesses, and asks that Dr. Shuman be compensated at $400.00 per hour and that Dr. Boles be compensated at $500.00 per hour. *Id.* at 19, 22. In sum, Petitioner requests $159,611.10 in attorney's fees, plus $116,030.98 in costs, which

includes compensation for both experts, travel to and from the March 2018 entitlement hearing for Mr. Webb, Drs. Shuman and Boles, and Petitioner herself, all attendant costs thereof including lodging and food, and the costs of obtaining medical records. *Id.* at 24.

## ANALYSIS

### I.   Requests for Interim Attorney's Fees and Costs

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at \*6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at \*5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at \*8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at \*16. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

As previously noted, this is Petitioner's <u>second</u> interim fees and costs request submitted in this case. As I have stated in other cases in which multiple interim fees requests were made, however, it is not a best practice for counsel to file serial requests for interim fees and awards, except in the rare cases where a Program litigation is especially protracted. *Carda v. Sec'y of Health & Human Servs.*, No. 14-191V, 2017 WL 1709707, at \*2 (Fed. Cl. Spec. Mstr. Mar. 23, 2017); *see also King v. Sec'y of Health & Human Servs.*, No. 03-584V, 2009 WL 2252345, at \*3 (Fed. Cl. Spec. Mstr. July 10, 2009) (noting that in the vast majority of Program cases, only one award for interim fees and costs (if any) would be appropriate).

I do not deem this case sufficiently protracted to merit a second interim award of attorney's fees. I have not yet issued a decision in this case, although I hope to do so soon. But I have previously noted that issuing a decision on entitlement is not necessarily the "end" of the matter –

depending on the outcome of the case, the parties may engage in further litigation, whether in appeals, damages disputes, or otherwise, thereby incurring even more fees and/or costs. *See Bender v. Sec'y of Health & Human Servs.*, No. 11-693V, 2017 WL 5378011, at *2 (Fed. Cl. Spec. Mstr. Sept. 5, 2017). As a result, it is likely that Petitioner will file at least one more request for fees and costs. Judicial efficiency will best be served if the remaining quantum of attorney's fees is settled all at once in that final application. Accordingly, and in exercise of my discretion, I will defer resolution of the instant second interim request for additional attorney's fees (and associated litigation costs – except as provided below) not addressed herein until Petitioners file a final fees request.[3]

## III.    Request for Expert's Costs

Petitioner also seeks costs for the two experts who testified on her behalf at trial. Unlike with counsel, an expert's work is largely complete once a hearing is held. Experts should be promptly compensated for their time, both to alleviate financial burdens on counsel and to ensure that experts remain willing to take on vaccine injury claimants. For these reasons, an interim award of expert costs is reasonable, and I will not defer resolution of those costs.

In the first decision awarding interim fees and costs, I compensated Dr. Shuman at the requested rate of $400.00 per hour, and will do so again here. Dr. Shuman has billed 181.7 hours in this matter at $400.00 per hour, plus an additional 23.5 hours at $200.00 per hour representing time spent traveling. Although 181.7 hours is undoubtedly a large amount of hours to spend on the matter (especially considering this does not include time billed for two expert reports previously filed), Respondent has not contested any of Dr. Shuman's billing entries, and I find them largely to be reasonable -- with two exceptions. One entry, on 12/10/17, indicates that Dr. Shuman spent 14.50 hours in a single day working on "NPNR Clin Genetic Correlation." Ex. 5 at 2. Similarly, an entry on 03/10/18 indicates that Dr. Shuman spend another 14.25 hours in a single day working on "Exh & Bib." *Id.* at 3. It is unclear from these entries what Dr. Shuman spent such a tremendous amount of time in a single day working on, or why it was necessary. Without more detailed information, I must conclude that these entries are impermissibly vague and thus constitute block billing. Special Masters have consistently reduced an award of costs when the billing statement is vague. *See Pelton v. Sec'y of Health & Human Servs.*, No. 14-674V, 2017 WL 3378773, at *7 (Fed. Cl. Spec. Mstr. July 12, 2017); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654, 2016 WL 7212323, at *20-21 (Fed. Cl. Spec. Mstr. Nov. 2, 2016). Accordingly, I will only compensate Dr. Shuman for half of the time billed for each of these entries. This results in a reduction of **$5,750.00**.

---

[3] Because I have determined that interim fees are not appropriate at this time, I will not at this time resolve the appropriateness of the rates requested and the magnitude of hours billed.

I will next turn to the amount requested for the work of Dr. Boles. Petitioner requests that Dr. Boles performed 49 hours of work and billed at a rate of $500.00 per hour, and also spent 20 hours traveling, billed at a half-rate of $250.00 per hour. Fees App. at 22. I have previously found $500.00 per hour to be too high for Dr. Boles, and have instead compensated him at a rate of $350.00 per hour. *L.M. v. Sec'y of Health & Human Servs.*, No. 14-714V, 2017 WL 5382907, at *$ (Fed. Cl. Spec. Mstr. Sept. 29, 2017). Other special masters have awarded Dr. Boles a similar rate. *See A.A. v. Sec'y of Health & Human Servs.*, No. 15-597V, 2018 WL 3216243, at *6 (Fed. Cl. Spec. Mstr. May 31, 2018) (awarding Dr. Boles $350.00 per hour); *Dempsey v. Sec'y of Health & Human Servs.*, No. 04-394V, 2017 WL 6343870, at *8 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (awarding him $300.00 per hour). Accordingly, I will award Dr. Boles $350.00 per hour for work performed in this matter, and $175.00 per hour for time spent traveling. I do not otherwise find any of the time billed by Dr. Boles to be objectionable, and Respondent has not indicated any entries found to be objectionable either. Therefore, Dr. Boles will be compensated for the full time he has billed at the aforementioned rates. This results in a total reduction of **$8,850.00**.

I will now turn to the matter of travel expenses for the two experts. There appears to be a discrepancy in how these travel expenses were billed – Dr. Boles appears to have personally incurred his own travel costs to and from the entitlement hearing in Washington, DC (Fees App. at 22) while it appears that Mr. Webb paid for Dr. Shuman's travel expenses. Fees App. at 23. Although I am not considering the full amount attorney's costs at this time, in the interest of fairness to the experts I will award-in-part costs relating to both experts' travel (including that reflected as incurred by Mr. Webb).

The total costs incurred by Dr. Boles appear to be reasonable and will be awarded in full, in the amount of **$1,936.97**. Dr. Shuman's travel expenses will also be awarded in full with one exception – the submitted documentation indicates that Dr. Shuman paid to upgrade his seats to "Economy Plus." ECF No. 95, Ex. D, at 19-20 (e-mail from Robert Shuman to Curtis Webb stating "Had to upgrade the seats form cattle-car middle to economy-plus in order to get out of the tail and out of the middle seats."). While I am sympathetic to Dr. Shuman's aversion to the middle seat, the court has consistently declined to compensate petitioners for more luxurious methods of travel, such as first-class airfare, business-class train fare, and Acela Express train fare. *See Tetlock v. Sec'y of Health & Human Servs.*, No. 10-56V, 2017 WL 5664257, at *6 (Fed. Cl. Spec. Mstr. Nov. 1, 2017). This results in a total reduction of **$318.00** from Dr. Shuman's travel expenses for a total awarded amount of **$1,625.37**.

**CONCLUSION**

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for

5

Interim Attorney's Fees and costs, and award a total of **$95,630.34** in interim expert witness costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Curtis Webb.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.