# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-065V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *
HEIDI SHARPE as the legal representative
of her minor child, L.M.,

          Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES

          Respondent.
* * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed: June 10, 2021

*Curtis Webb*, Twin Falls, ID, for Petitioner.

*Voris Johnson*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## **DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On January 27, 2014, Heidi Sharpe filed a petition as legal representative of her minor child, L.M., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] ECF No. 1. An entitlement hearing was held in this matter on March 13-14, 2018, in Washington, DC. On November 5, 2018, I issued a decision denying entitlement. *See* Decision, dated Nov. 5, 2018 (ECF No. 105). Petitioner filed a motion for review of my decision and an accompanying memorandum on December 5, 2018. *See* Motion for Review, dated Dec. 5,

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

2018 (ECF No. 104). After the Motion for Review was denied, Petitioner appealed the case to the Federal Circuit. *See* Docket Entry, dated May 31, 2019 (ECF No. 120). The Court of Appeals affirmed in part, vacated and remanded the decision in part. *See* Decision of the Court of Appeals, dated July 1, 2019 (ECF No. 122). Following remand, I issued an order to show cause based on the Circuit Court's determinations. *See* Order to Show Cause, dated Nov. 16, 2019 (ECF No. 125). Following submissions by both parties, I issued a ruling on remand on February 19, 2021, finding entitlement for the Petitioner. *See* Ruling on Remand, dated Feb. 19, 2021 (ECF No. 130). This matter is now in the damages phase. *See* Damages Order, dated Feb. 22, 2021 (ECF No. 131).

In the seven-plus years of this action's life, Petitioner has previously requested, and obtained, two interim fee/cost awards. On June 7, 2016, Petitioner filed her first such request seeking an interim award of $80,000.00. *See* First Motion for Interim Attorney's Fees and Costs, ECF No. 49. I granted the motion, awarding Petitioner the full amount requested (which included attorney's fees incurred from the claim's initiation to that date). *See* Decision, dated July 16, 2016 (ECF No. 50).

Petitioner filed a second fees motion on May 29, 2018, after the entitlement hearing. Second Motion for Interim Attorney's Fees and Costs (ECF No. 94). This motion represented fees and costs incurred between April 15, 2016, and May 18, 2018, including work performed leading up to and during the entitlement hearing. In total, Petitioner requested compensation in the amount of $275,642.08. I granted this motion in part, however, awarding a total amount of $95,630.34. *See* Decision, dated July 6, 2018 (ECF No. 98). In so doing, I deferred awarding attorney's fees, based on my determination that the matter was not at that point sufficiently protracted to justify a second interim fees award, and indicating instead that fees should be requested at the end of the proceedings, so as to avoid piecemeal determinations on the matter. ECF No. 98 at 3-4.

Petitioner has now filed a third interim fees and costs award. *See* Motion, dated June 3, 2021 (ECF No. 134) ("Mot."). Petitioner requests a total award of $409,843.44—representing $400,901.78 in attorney's fees and $8,941.66 in costs—incurred between April 15, 2016 and January 21, 2021. Mot. at 1. Accordingly, this third request includes the amounts I previously deferred awarding, or considering. Respondent reacted to the instant motion on June 8, 2021, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. ECF No. 135 at 2. Respondent otherwise represents that the statutory and other legal requirements for an award of attorney's fees and costs are met, and he recommends that if an interim award is appropriate, I calculate a reasonable award. *Id.* at 3-4.

For the reasons stated below, I hereby **GRANT** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$409,843.44.**

## ANALYSIS

I.  **Requests for Interim Attorney's Fees and Costs**

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here meaning while the case is still in the damages phase). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

As noted above, this is Petitioner's <u>third</u> interim fees and costs request submitted in this case. As I have stated in other cases in which multiple interim fees requests were made, it is not a best practice for counsel to file serial requests for interim fees and awards, except in the rare cases where a Program litigation is especially protracted. *Carda v. Sec'y of Health & Human Servs.*, No. 14-191V, 2017 WL 1709707, at *2 (Fed. Cl. Spec. Mstr. Mar. 23, 2017); *see also King v. Sec'y of Health & Human Servs.*, No. 03-584V, 2009 WL 2252345, at *3 (Fed. Cl. Spec. Mstr. July 10, 2009) (noting that in the vast majority of Program cases, only one award for interim fees and costs (if any) would be appropriate). Indeed – I expressly noted in ruling on the *second* fees request that I did not wish to entertain any more interim requests.

Nevertheless, I do find that circumstances have changed in the three years since the last interim fees award issued. In that time period, two rounds of complex appeals ensued, and then the parties began working on damages—a process that will add to the case's length given the nature of injury at issue. In addition, the substantial fees incurred in association with the spring 2018 hearing remain unreimbursed—and this claim has been successful, meaning under the Act fees are mandated. Section 15(e)(1)(A).

Given such considerations, I am prepared to grant one additional interim award of fees and costs. I note, however, **that I will not entertain a fourth such request**, since I disfavor piecemeal interim awards (and previously informed Petitioner of that). All remaining fees and costs incurred in the resolution of this claim (including life care planner expenses) shall be requested only after judgment enters in this matter, no matter how much longer the case's life extends—and any future interim fees requests will be summarily denied.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | **2016** | **2017** | **2018** | **2019** | **2020** | **2021** |
|---|---|---|---|---|---|---|
| **Mr. Curtis Webb (Attorney)** | $401 | $415 | $430 | $440 | $458.50 | $482 |
| **Mr. Alexander Webb (Paralegal)** | $50 | $100 | $100 | $135 | $145 | $155 |

Mot. at 2-3. Mr. Webb has previously been awarded forum rates, and had specific sums specified for 2017 through 2020. *See Rowan v. Sec'y of Health & Hum. Servs.*, No. 17-760V, 2020 WL 7869436 (Fed. Cl. Spec. Mstr. Nov. 17, 2020). This motion requests that I also award Mr. Webb a forum rate of $482 per hour for work done in 2021.

The rates requested for Mr. Webb (as well as the paralegal work performed in this case) are consistent with what has previously been awarded in the Program. *See Anklam v. Sec'y of Health & Hum. Servs.*, No. 17-2061V, 2020 WL 4049310 at * 2 (Fed. Cl. Spec. Mstr. June 25, 2020) (awarding $458.50 for work performed in 2020 and $440 for work performed in 2018 and 2019); *Fuller v. Sec'y of Health & Hum. Servs.*, No. 15-1470V, 2019 WL 4648907 at *5 (Fed. Cl. Spec. Mstr. Aug. 26, 2019) (awarding $424 per hour for work performed in 2017 and awarding $440 per hour for work performed in 2018 and 2019); *Rodela v. Sec'y of Health & Hum. Servs.*, No. 17-236V, 2020 WL 583841 (Fed. Cl. Spec. Mstr. Jan. 10, 2020) (awarding $424 per hour for work performed in 2017 and awarding $440 per hour for work performed in 2018 and 2019); *Jackson v. Sec'y of Health & Hum. Servs.*, No.. 17-682V, 2018 WL 2772347 (Fed. Cl. Spec. Mstr. June 19, 2018) (paralegal rates awarded). They are also in accordance with the Office of Special Masters's fee schedule.[3] I find the rate requested for Mr. Webb in 2021 reasonable and I find no cause to reduce his rates in this instance.

In addition, I deem the tasks billed to this matter reasonable. I only note one issue. Petitioner's counsel spent 86.9 hours between April 25, 2016, and April 5, 23017, conducting medical research and working with expert witnesses to address Petitioner's DYNC1H1 gene mutation and its bearing on causation. Mot. at 5. Ordinarily, I am not inclined to compensate attorneys for background research. Here, however, based on the novelty of the issue in this case and the fact that counsel simultaneously consulted and worked with his testifying genetics expert persuades me to award it in this case. I therefore award fees for all work performed on the case as requested in the fees application.

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

As noted above, Petitioner seeks $8,941.66 in costs, including transportation (mostly for appearance at judicial arguments), lodging, medical record retrieval, mailing, and filing fee costs. Fees App. at 3. Such costs are typical in Program cases, were reasonably incurred in this matter, and are thus eligible for reimbursement.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT** Petitioner's Motion for Interim Attorney's Fees and costs, and award a total of **$409,843.44**, reflecting $400,901.78 in attorney's fees and $8,941.66 in costs, in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Curtis Webb.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.