# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-65V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| HEIDI SHARPE, *as legal representative of her minor child,* L.M., | * * * | Chief Special Master Corcoran |
| Petitioner, | * * | |
| v. | * * | Filed: June 23, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * | |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Curtis R. Webb*, Monmouth, OR, for Petitioner.

*Voris Edward Johnson*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION ON PROFFER AWARDING DAMAGES[1]

On January 27, 2014, Heidi Sharpe, as legal representative of her child, L.M., filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Pet. at 1. Among other things, Ms. Sharpe alleged a causation-in-fact claim that the diphtheria-tetanus-acellular pertussis ("DTaP") and other vaccines administered to L.M. on February 10, 2011, caused L.M. to experience significant aggravation of a preexisting seizure disorder associated in some part with an underlying genetic mutation. Pet. at 2.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After a two-day hearing in March 2018, I denied entitlement. *Sharpe v. Sec'y of Health & Hum. Servs.*, No. 14-65V, 2018 WL 7625360 (Fed. Cl. Spec. Mstr. Nov. 5, 2018) (ECF No. 102). Although my decision was initially affirmed by the Court of Federal Claims, it was then vacated and reversed in part by the Federal Circuit. *Sharpe v. Sec'y of Health & Hum. Servs.*, 964 F.3d 1072 (Fed. Cir. 2020) (the "Federal Circuit Decision").

After remand, on November 16, 2020, I ordered Respondent to show cause why a ruling on entitlement in Petitioner's favor was not appropriate given the findings in the Federal Circuit Decision. *See* Order, dated Nov. 16, 2020 (ECF No. 125). Based upon evaluation and review of the parties' filings, the Federal Circuit Decision, and my own extensive review of the records filed in this case, I found Petitioner was entitled to an award of damages. *Sharpe v. Sec'y of Health & Hum. Servs.,* No. 14-65V, 2021 WL 1291720 (Fed. Cl. Spec. Mstr. Feb. 19, 2021) (ECF No. 132).

The parties have since then endeavored to agree on the proper amount of damages. On June 22, 2022, Respondent filed a proffer proposing an award of compensation. ECF No. 150. I have reviewed the file, and based upon that review I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my Decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of $1,460,032.14, representing compensation for life care expenses in the first year after judgment ($135,269.39), lost future earnings ($1,074,762.75), and pain and suffering ($250,000.00), in the form of a check payable to Petitioner, as guardian/conservator of L.M.'s estate;

- A lump sum payment of $4,391.40 representing compensation for past unreimbursable expenses, in the form of a check payable to Petitioner;

- A lump sum payment of $29,815.70, representing compensation for satisfaction of the Montana Department of Public Health and Human Services Medicaid lien, payable jointly to Petitioner and Montana Department of Public Health and Human Services, 2401 Colonial Drive, P.O. Box 202953, Helena, MT 59620-2953; and

- An amount sufficient to purchase the annuity contract, subject to the conditions described in Section II. D. in the Proffer.

Proffer at 3–6. These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.