# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-65V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| HEIDI SHARPE, *as legal representative of her minor child,* L.M., | * | Chief Special Master Corcoran |
| Petitioner, | * | |
| v. | * | Filed: November 2, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Curtis R. Webb*, Monmouth, OR, for Petitioner.

*Voris Edward Johnson*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS[1]

Heidi Sharpe, as legal representative of her child, L.M., filed a petition on January 27, 2014, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Pet. at 1 (ECF No. 1). Among other things, Ms. Sharpe alleged a causation-in-fact claim that the diphtheria-tetanus-acellular pertussis ("DTaP") and other vaccinations administered to L.M. on February 10, 2011, caused L.M. to experience significant aggravation of a preexisting seizure disorder associated in some part with an underlying genetic mutation. Pet. at 2. After a trial and some appeals, Petitioner was ultimately successful in obtaining damages for L.M.'s injury. *See* Decision on Proffer Awarding Damages, dated June 23, 2022 (ECF No. 151).

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10–34 (2012) (hereinafter "Vaccine Act" or "the Act"). Individual section references hereafter shall refer to § 300aa of the Act.

Ms. Sharpe has previously sought and been awarded attorney's fees and costs on three separate occasions.[3] ECF Nos. 50, 98, 136. She has now filed her final motion for fees and costs. Motion, dated October 26, 2022 (ECF No. 156). Petitioner requests a total of $90,841.00 ($48,562.95 in fees plus $42,278.05 in costs) for the work of one attorney, Mr. Curtis Webb, and a paralegal, Mr. Alexander Webb, from February 2021 to the present date. ECF No. 156 at 2. Respondent reacted to the fees request on November 1, 2022. *See* Response, November 1, 2022 (ECF No. 158). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. Petitioner filed her reply, restating her requested attorney's fees and costs. *See* Reply, November 1, 2022 (ECF No. 159).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$90,841.00**.

## ANALYSIS

**I.   Attorney's Fees**

Because Petitioner's claim was successful, the Act entitles her to an award of attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886,

---

[3] On June 7, 2016, Petitioner filed her first request seeking an interim award of $80,000.00. *See* First Motion for Interim Attorney's Fees and Costs (ECF No. 49). I granted the motion, awarding Petitioner the full amount requested (which included attorney's fees incurred from the claim's initiation to that date). *See* Decision, dated July 16, 2016 (ECF No. 50).

Petitioner filed a second fees motion on May 29, 2018, after the entitlement hearing's conclusion. Second Motion for Interim Attorney's Fees and Costs (ECF No. 94). This motion represented fees and costs incurred between April 15, 2016, and May 18, 2018, including work performed leading up to and during the entitlement hearing. In total, Petitioner requested compensation in the amount of $275,642.08. I granted this motion in part, however, awarding a total amount of $95,630.34. *See* Decision, dated July 6, 2018 (ECF No. 98). In so doing, I deferred awarding attorney's fees, based on my determination that the matter was not at that point sufficiently protracted to justify a second interim fees award, and indicating instead that fees should be requested at the end of the proceedings, so as to avoid piecemeal determinations on the matter. ECF No. 98 at 3-4.

Petitioner then filed a third interim fees and costs award on June 3, 2021. Third Motion for Interim Attorney's Fees and Costs (ECF No. 134). Petitioner requested a total award of $409,843.44—representing $400,901.78 in attorney's fees and $8,941.66 in costs—incurred between April 15, 2016 and January 21, 2021. *Id.* at 1. Accordingly, this third request included the amounts I previously deferred. I granted the motion, awarded Petitioner the full amount requested (which included the attorney's fees I previously deferred). *See* Decision, dated June 10, 2021 (ECF No. 136).

888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney, based on the years work was performed:

|  | **2021** | **2022** |
|---|---|---|
| **Curtis R. Webb (Attorney)** | $482.00 | $497.50 |
| **Alexander Webb (Paralegal)** | $155.00 | $165.00 |

ECF No. 156 at 16–26.

Mr. Webb has been recognized to practice in forum, entitling him to rates established in *McCulloch*. *See Rowan v. Sec'y of Health & Hum. Servs.*, No. 17-760V, 2020 WL 7869436 (Fed. Cl. Spec. Mstr. Nov. 17, 2020). I already acknowledged in the Third Interim Fees Decision that the 2021 rate requested for Mr. Webb (as well as the paralegal work performed in this case) was consistent with what has been previously awarded. *Sharpe v. Sec'y of Health & Hum. Servs.*, No. 14-065V, 2021 WL 2917247, at *3 (Fed. Cl. Spec. Mstr. June 10, 2021). I also deem the 2022 rate reasonable, given his experience in Program in accordance with the Office of Special Masters' fee schedule.[4] *See Anklam v. Sec'y of Health & Hum. Servs.*, No. 17-2061V, 2020 WL 4049310 at * 2 (Fed. Cl. Spec. Mstr. June 25, 2020).

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

I thus find no cause to reduce the rates requested in this case. I also deem the time devoted to the matter reasonable, and will therefore award all fees requested, without adjustment.

## II.     Final Litigation Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $42,278.05 in outstanding costs, including costs associated with the preparation of a life care plan, guardianship and conservatorship appointment, and loss of future earnings. ECF No. 156 at 5–6, 28–45. Such costs are typical in Program cases, were reasonably incurred in this matter, and are thus eligible for reimbursement.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$90,841.00**, reflecting $48,562.95 in fees and $42,278.05 in costs in the form of a check made jointly payable to Petitioner and her attorney, Mr. Curtis Webb.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.